IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**MARCO OSORIO, Individually and on
Behalf of Others Similarly Situated**     **PLAINTIFF**

vs.     No. 4:18-cv-1497

**CENTERPOINT ENERGY, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Marco Osorio, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant CenterPoint Energy, Inc. ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Marco Osorio on behalf of himself and on behalf of other similarly situated persons employed by Defendant at any time within a three year period preceding filing of this Complaint.

2. Plaintiff alleges that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA") when Defendant failed to pay Plaintiff and others similarly situated overtime premiums for hours worked in excess of forty (40) per week when they were employed as either "Financial Analyst 1" or "Financial Analyst 2."

3. The proposed Section 216 class is composed entirely of employees who are or were Financial Analysts 1 and/or Financial Analysts 2 for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their fundamental rights under applicable federal wage and hour laws. This collective action seeks the unpaid wages and other damages owed to these workers.

4. Plaintiff brings this action under the FLSA and the AMWA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty (40) hours in each week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.  JURISDICTION AND VENUE

6. This action brought by Plaintiff on behalf of himself and all others similarly situated against Defendant for violations of the FLSA 29 U.S.C. § 201, et seq. and the AMWA, Ark. Code Ann. § 11-4-201, et seq.

7. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

### III.  THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Marco Osorio is a resident and citizen of Pulaski County, Arkansas.

12. Defendant is a corporation organized under the laws of Texas, registered to conduct business in Arkansas, and may be served through its registered agent for service of process CT Corporation System of Texas, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13. Defendant's annualized gross volume of sales made or business done is not less than $500,000.00.

14. Defendant employs individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

## IV.  REPRESENTATIVE ACTION ALLEGATIONS

15. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

16. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

17. Plaintiff Marco Osorio brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated Financial Analyst 1 and/or Financial Analyst 2 who were or are employed by Defendant and were not paid overtime premiums at any time within the applicable statute of limitations period.

18. Plaintiff is unable to state the exact number of class members.  Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

19. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

20. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

21. Financial Analysts 1 and 2 are business professionals who are highly dependent upon email communication.  As such, they rely on email just as much or more

so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

22. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including Defendant's failure to pay members of the class lawful overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

23. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

> **All persons employed by Defendant as either Financial Analyst 1 and/or Financial Analyst 2 at any time within the past three years.**

## V. FACTUAL ALLEGATIONS

24. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

25. Plaintiff was an employee of Defendant within the last three years.

26. At all times relevant to this Complaint, Defendant has been an employer and an enterprise engaged in commerce within the meaning of the FLSA. Defendant has employees engaged in interstate commerce.

27. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiff was engaged in commerce as required by 29 U.S.C. §§ 206-207.

28. From July of 2017 until February of 2018 Marco Osorio was employed by Defendant as a Financial Analyst 2 and was paid a salary plus a non-discretionary bonus

but did not receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

29. Plaintiff routinely worked in excess of forty (40) hours per week.

30. During Plaintiff's employment as a Financial Analyst 2, Defendant paid all such employees a salary.

31. Defendant violated the FLSA and the AMWA by failing to pay Plaintiff and similarly situated Financial Analysts 1 and 2 overtime premiums for all hours worked in excess of forty (40) per week.

32. As a Financial Analyst 2, Marco Osorio's primary job duty was analyzing financial records. He regularly input data, reviewed budgeting files, and presented regulatory financial statements to management.

33. Plaintiff and other Financial Analysts 1 and 2 were required to have education or experience in a related field.

34. Defendant's Financial Analysts 1 and 2, including Plaintiff, were required to be able to sit at a desk and view a computer display for long periods of time as required by their primary job duties.

35. Defendant's Financial Analysts 1 and 2, including Plaintiff, did not supervise other employees.

36. Plaintiff and the other Financial Analysts 1 and 2 were and are entitled to one-and-one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a week.

37. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Financial Analysts 1 and 2 violated the FLSA and the AMWA.

38. Defendant's Financial Analysts 1 and 2 routinely use computers, copy machines, fax machines, calculators, telephones and other office equipment, in performing their job duties. Thus its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI. FIRST CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

39. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

40. Plaintiff Marco Osorio brings this collective action on behalf of all similarly situated persons who were or are employed by Defendant as Financial Analysts 1 and 2 at any time within the applicable statute of limitations period and were not paid overtime premiums for all hours worked in excess of forty (40) per week.

41. Plaintiff and all other similarly situated Financial Analysts 1 and 2 were non-exempt employees entitled to overtime premiums for all hours worked in excess of forty (40) hours per week.

42. Plaintiff and other Financial Analysts 1 and 2 regularly worked more than forty (40) hours per week.

43. Defendant failed to pay these workers overtime. Instead, Defendant paid (and pays) Plaintiff and all similarly situated employees a salary.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## VII.  SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

45. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

46. Defendant violated the overtime provisions of the FLSA by failing to pay Plaintiff overtime premiums for all hours worked in excess of forty (40) per week.

47. Defendant is liable to Marco Osorio individually for the violations described in the class claim section, above.

48. Additionally, Plaintiff is entitled to an amount equal to his unpaid wages as liquidated damages, as well as reasonable attorney's fees and the costs of this action.

## VIII. THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of AMWA Minimum Wage Provisions)

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

50. At all relevant times, Plaintiff has been entitled to the rights, protections and benefits provided by the AMWA.

51. At all relevant times, Plaintiff has been "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

52. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

53. Defendant has failed and refused to comply with the AMWA wage requirements by failing compensate Plaintiff for all hours worked.

54. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

56. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Marco Osorio, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

F. Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act § 11-4-201, et seq. and the relating regulations;

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

H. Judgement for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and the relating regulations;

I. An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

J. Reservation of the right to amend this Complaint as provided by law; and

K. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF MARCO OSORIO,
Individually and on behalf of
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone:  (501) 221-0088
Facsimile: (888) 787-2040


*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com